J-S42012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :               PENNSYLVANIA
                                      :

                 v.                           :

BRIAN ROGERS                       :

                Appellant         :      No. 150 WDA 2022

Appeal from the PCRA Order Entered January 31, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000021-2018

BEFORE:    BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:          **FILED: DECEMBER 20, 2022**

Brian Rogers appeals from the order entered January 31, 2022, denying his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). William J. Hathaway, Esquire, has filed an application to withdraw and a brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We affirm and grant counsel's petition to withdraw.

On December 11, 2018, Appellant pled guilty to terroristic threats and possession of an instrument of a crime in connection with a 2017 incident wherein he pointed a loaded twelve-gauge shotgun at Melinda Hayes and told her that he was "going to blow her head off" and "kill her and her dogs." N.T. Guilty Plea Hearing, 12/11/18, at 8-9. Appellant had a prior felony conviction

_____

[*] Retired Senior Judge assigned to the Superior Court.

that prohibited him from possessing a firearm. On March 6, 2019, Appellant received the agreed-upon sentence of eleven months and fifteen days to twenty-three months of incarceration followed by three years of probation, with 221 days credit for time served. *See* N.T. Sentencing Hearing, 3/6/19, 6-7. Appellant did not file a post-sentence motion or direct appeal. He was paroled on June 23, 2019.

On January 10, 2020, Appellant filed a timely *pro se* PCRA petition, claiming he had possessed a BB-gun rather than a shotgun on December 11, 2018, and sought relief in the form of re-sentencing. The PCRA court appointed Attorney Hathaway, who submitted a ***Turner***/***Finley*** no-merit letter. After providing Pa.R.Crim.P. 907 notice, the PCRA court dismissed Appellant's petition without a hearing and allowed counsel to withdraw. Appellant did not appeal this decision to our Court.

On December 14, 2021, Appellant *pro se* filed a second PCRA petition, which is the subject of this appeal. The PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing as it was untimely filed. After reviewing Appellant's objections to the Rule 907 notice, the PCRA court dismissed the petition as untimely. *See* Order, 1/31/22, at 1. This appeal followed.

In our Court, Appellant filed an "Application for Appointment of Counsel," wherein he stated that he was visually impaired and unable to proceed *pro se*. In response, we remanded the record to the PCRA court and directed the court to hold a hearing regarding whether Appellant's visual

impairment warranted the appointment of counsel in the interests of justice. *See* Order, 6/3/22, at 1, *citing* Pa.R.Crim.P. 904(E). On remand, the PCRA court held a hearing and re-appointed Attorney Hathaway. In our Court, counsel filed a ***Turner***/***Finley*** brief arguing that because Appellant's second PCRA petition was untimely there were no "non-frivolous" issues for appellate review.[1] ***See Turner***/***Finley*** brief at 6-7. Counsel also filed a motion to withdraw as counsel and notified Appellant of his intent to withdraw from representation.[2] Thus, this appeal is ripe for our review.[3]

Counsel's ***Turner/Finley*** brief presents the following claim for our consideration: "Whether the Appellant has stated any cognizable predicate under the PCRA statute to challenge his guilty pleas as a substantive matter and given the circumstance of any timeliness impediment?" ***Id***. at 2.

We must first decide whether counsel has fulfilled the procedural requirements of seeking to withdraw as counsel. As we have explained:

---

[1] We note that counsel's discussion of ***Turner***/***Finley*** appears to conflate the relevant standard for withdrawal in the context of the PCRA with that implicated by its direct appeal analogue in ***Anders v. California***, 386 U.S. 738 (1967). However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). Thus, we conclude that counsel's oversight regarding the relevant standards governing ***Anders*** and ***Turner***/***Finley*** is of no moment.

[2] Appellant did not file a response to PCRA counsel's request to withdraw.

[3] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal but did submit a Rule 1925(a) opinion.

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner**, **supra** and **Finley**, **supra** and] ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
>     . . . .
>
> [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted).

Here, counsel has satisfied all the above procedural requirements. Thus, having concluded that counsel's petition to withdraw is **Turner/Finley** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition.

Before we may consider the merits of Appellant's claims, we must first determine whether the petition was timely filed. "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." **Commonwealth v. Whitehawk**, 146 A.3d 266, 269 (Pa.Super.

2016). For a petition to be timely under the PCRA, it must be filed within one year of the date that a petitioner's judgment of sentence became final. **See** 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed approximately twenty months after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1)(i-iii),[4] we cannot address the claims he asserted therein. However, Appellant has not raised the applicability of any of these exceptions. Indeed, Appellant failed to tender any salient response to PCRA counsel's application to withdraw.

Thus, Appellant's petition is facially untimely, and he did not allege below, and counsel has not uncovered any exceptions to the time-bar. Therefore, we hold that the PCRA court did not err when it dismissed his

---

[4] These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

petition as being untimely filed.[5] *Id*. Accordingly, we affirm the PCRA court's dismissal of Appellant's PCRA petition.

Order affirmed. William J. Hathaway, Esquire's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2022

---

[5] We also note that Appellant appears to be ineligible for PCRA relief. The court sentenced Appellant on March 6, 2019, to serve a term of eleven months and fifteen days to twenty-three months with 221 days credit for time served, followed by three years of probation. A review of the record reveals no subsequent amendments or alterations were made to Appellant's sentence. Therefore, Appellant's sentence expired on July 3, 2022, while this appeal was pending in our Court. Since Appellant is no longer serving the sentence for his convictions in this case, he is ineligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i); *see also Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding petitioner was no longer serving sentence, so he was ineligible for PCRA relief and petitioner's ineligibility deprived the court of jurisdiction to entertain the petition).